**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BOCKSTAR TECHNOLOGIES LLC, | |
| Plaintiff, | Civil Action No. |
| v. | **DEMAND FOR JURY TRIAL** |
| CISCO SYSTEMS, INC., | |
| Defendant. | |

## COMPLAINT

Plaintiff Bockstar Technologies LLC ("Bockstar") alleges as follows:

### PARTIES

1.      Bockstar is a Delaware limited liability company with its principal place of business at Legacy Town Center 1, 7160 North Dallas Parkway Suite 250, Plano, TX 75024.

2.      Upon information and belief, defendant Cisco Systems, Inc. ("Cisco") is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.  Cisco has appointed The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

### JURISDICTION AND VENUE

3.      This action for patent infringement arises under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      Cisco is subject to personal jurisdiction in this district.   Cisco has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Cisco has had persistent,

systematic contact with Delaware, by, directly or through an agent, regularly soliciting and doing business in Delaware, engaging in persistent courses of conduct in Delaware, and deriving substantial revenue from activities in Delaware.  On information and belief, Cisco sells, ships, distributes, offers for sale, sells and/or advertises (including providing an interactive web page) products and services (including products and services accused of infringement in this lawsuit) throughout the United States, including in this judicial district, and introduces products and services (including products and services accused of infringement in this lawsuit) into the stream of commerce knowing that they will be sold in this judicial district.  Customers of Cisco's infringing products and services include enterprise customers in Delaware.  Cisco has purposefully availed itself of the Delaware courts by, for example, bringing numerous lawsuits in this district, including patent infringement suits.

5.      Cisco has committed, or aided, abetted, contributed to, and/or participated in, acts of patent infringement in Delaware that have led to harm and injury to Bockstar.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391 (b)–(c) and 1400(b).

BACKGROUND

7.      The inventors of the patents asserted in this Complaint (the "Asserted Patents") were working for an entity within or related to the corporate family of  Bell Northern Research and Nortel Networks Corporation ("Nortel") at the time of invention.  Nortel was an innovator in many industries, and the Asserted Patents issued as the result of the inventiveness of Nortel personnel and Nortel's significant research investment.

8.      Nortel filed for bankruptcy protection in 2009.  During bankruptcy proceedings, Nortel sold a portion of its patent assets, including the Asserted Patents, to a consortium of leading technology companies known as Rockstar Bidco, LP.  Rockstar Bidco, LP transferred the

patents to Rockstar Consortium US LP, an intellectual property company employing many of
Nortel's former employees.

9.      Rockstar Consortium US LP assigned ownership of the Asserted Patents to
Bockstar, which now enjoys the exclusive right to sue for infringement of the Asserted Patents
and recover damages for all past, present, and future infringement.

COUNT ONE

(Infringement of U.S. Patent No. 6,233,245)

10.      Plaintiff incorporates by reference paragraphs 1-9 as if fully set forth herein.

11.      On May 15, 2001, U.S. Patent No. 6,233,245 (the "'245 patent"), entitled
"Method and Apparatus for Management of Bandwidth in a Data Communication Network",
was duly and legally issued by the United States Patent and Trademark Office with Alan Stanley
John Chapman and Hsiang-Tsung Kung as the named inventors after full and fair examination.
A true and correct copy of the '245 patent is attached hereto as Exhibit 1.

12.      Bockstar  owns all rights, title, and interest in and to the '245 patent, and
possesses all rights of recovery under the '245 patent.

13.      Upon information and belief, Cisco has directly infringed and continues to
directly infringe one or more claims of the '245 patent by making, using, selling, and/or offering
for sale in the United States and/or importing into the United States products, including, without
limitation, Cisco's Catalyst 2950, 3560, and 3750 series switches.

14.      At least as of the filing of this Complaint, Cisco is, on information and belief,
knowingly inducing infringement of one or more claims of the '245 patent by, without limitation,
providing and/or causing to be provided, to enterprise customers, technical support and services
and detailed explanations, instructions and information as to configurations, arrangements,
applications and uses of the aforementioned products that promote and demonstrate how to use

such products in a manner that would infringe the '245 patent.  Cisco has also, on information

and belief, knowingly contributed to infringement of the '245 patent, knowing that the

aforementioned products are especially made or adapted for use in infringing the '245 patent and

have no substantial noninfringing use.  As a result of such inducement of and contribution to

infringement, enterprise customers using the aforementioned products are, on information and

belief, directly infringing the '245 patent.  Cisco has been aware of the '245  patent and its

infringement thereof at least as early as the filing of this Complaint.

15.     As a result of Cisco's infringement of the '245 patent, Bockstar has suffered

monetary damages in an amount not yet determined, and will continue to suffer damages in the

future.

COUNT TWO

(Infringement of U.S. Patent No. 6,684,241)

16.     Plaintiff incorporates by reference paragraphs 1-15 as if fully set forth herein.

17.      On January 27, 2004, U.S. Patent No. 6,684,241 (the "'241 patent"), entitled

"Apparatus and Method of Configuring a Network Device", was duly and legally issued by the

United States Patent and Trademark Office with Haldon J. Sandick, Kedarnath Poduri, and

Matthew B. Squire as the named inventors after full and fair examination .  A true and correct

copy of the '241 patent is attached hereto as Exhibit 2.

18.      Bockstar  owns all rights, title, and interest in and to the '241 patent, and

possesses all rights of recovery under the '241 patent.

19.     Upon information and belief, Cisco has directly infringed and continues to

directly infringe one or more claims of the '241 patent by making, using, selling, and/or offering

for sale in the United States and/or importing into the United States products, including, without

limitation, Cisco's Catalyst 3750-E, 3750, 3560-E, 3560, 2975, and 2960 switches.

20.     At least as of the filing of this Complaint, Cisco is, on information and belief, knowingly inducing infringement of one or more claims of the '241 patent by, without limitation, providing and/or causing to be provided, to enterprise customers, Cisco's "Smart Install" feature, as well as technical support and services, and detailed explanations, instructions and information as to configurations, arrangements, applications and uses of the aforementioned products that promote and demonstrate how to use such products in a manner that would infringe the '241 patent.  Cisco has also, on information and belief, knowingly contributed to infringement of the '241 patent, knowing that the aforementioned products are especially made or adapted for use in infringing the '241 patent and have no substantial noninfringing use.  As a result of such inducement of and contribution to infringement, enterprise customers using the aforementioned products are, on information and belief, directly infringing the '241 patent.  Cisco has been aware of the '241 patent and its infringement thereof at least as early as the filing of this Complaint.

21.     As a result of Cisco's infringement of the '241 patent, Bockstar has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future.

<u>COUNT THREE</u>

<u>(Infringement of U.S. Patent No. 6,069,895)</u>

22.     Plaintiff incorporates by reference paragraphs 1-21 as if fully set forth herein.

23.      On May 30, 2000, U.S. Patent No. 6,069,895 (the "'895 patent"), entitled "Distributed Route Server", was duly and legally issued by the United States Patent and Trademark Office with Siamack Ayandeh as the named inventor after full and fair examination . A true and correct copy of the '895 patent is attached hereto as Exhibit 3.

24.      Bockstar  owns all rights, title, and interest in and to the '895 patent, and possesses all rights of recovery under the '895 patent.

25.      Upon information and belief, Cisco has directly infringed and continues to directly infringe one or more claims of the '895 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products, including, without limitation, Cisco's 12000 Series and XR 12000 Series routers, and CRS-1 products.

26.      At least as of the filing of this Complaint, Cisco is, on information and belief, knowingly inducing infringement of one or more claims of the '895 patent by, without limitation, making, using, importing, selling and/or offering for sale the aforementioned products for use by enterprise customers and also by providing and/or causing to be provided, to enterprise customers, technical support and services, as well as detailed explanations, instructions and information as to configurations, arrangements, applications and uses of the aforementioned products that promote and demonstrate how to use such products in a manner that would infringe the '895 patent.  Cisco has also, on information and belief, knowingly contributed to infringement of the '895 patent, by making, using, selling, and/or offering for sale in the United States and/or importing into the United States products including line cards and other components of the aforementioned infringing products knowing that such products are especially made or adapted for use in infringing the '895 patent and have no substantial noninfringing use. As a result of such inducement of and contribution to infringement, enterprise customers using the aforementioned products are, on information and belief, directly infringing the '895 patent. Cisco has been aware of the '895 patent and its infringement thereof at least as early as the filing of this Complaint.

27.     As a result of Cisco's infringement of the '895 patent, Bockstar has suffered

monetary damages in an amount not yet determined, and will continue to suffer damages in the

future.

COUNT FOUR

(Infringement of U.S. Patent No. 5,732,080)

28.     Plaintiff incorporates by reference paragraphs 1-27 as if fully set forth herein.

29.     On March 24, 1998, U.S. Patent No. 5,732,080 (the "'080 patent"), entitled

"Method and Apparatus for Controlling Data Flow Within a Switching Device", was duly and

legally issued by the United States Patent and Trademark Office with H. Earl Ferguson, Jeffrey

Prince, Mike K. Noll, Randy Ryals, and Derek H. Pitcher as the named inventors after full and

fair examination.  A true and correct copy of the '080 patent is attached hereto as Exhibit 4.

30.      Bockstar  owns all rights, title, and interest in and to the '080 patent, and

possesses all rights of recovery under the '080 patent.

31.     Upon information and belief, Cisco has directly infringed and continues to

directly infringe one or more claims of the '080 patent by making, using, selling, and/or offering

for sale in the United States and/or importing into the United States products, including, without

limitation, Cisco's Catalyst 6500 Series, Catalyst 4500 Series, ASR 1000 Series, ASR 9000

Series, CRS-1, and 7600 Series router products.

32.     At least as of the filing of this Complaint, Cisco is, on information and belief,

knowingly inducing infringement of one or more claims of the '080 patent by, without limitation,

providing and/or causing to be provided, to enterprise customers, certain Forwarding Information

Bases used in Cisco products to handle data forwarding, as well as technical support and services

and detailed explanations, instructions and information as to configurations, arrangements,

applications and uses of the aforementioned products that promote and demonstrate how to use

such products in a manner that would infringe the '080 patent.  Cisco has also, on information

and belief, knowingly contributed to infringement of the '080 patent, knowing that the

aforementioned products are especially made or adapted for use in infringing the '080 patent and

have no substantial noninfringing use.  As a result of such inducement of and contribution to

infringement, enterprise customers using the aforementioned products are, on information and

belief, directly infringing the '080 patent.  Cisco has been aware of the '080 patent and its

infringement thereof at least as early as the filing of this Complaint.

33.     As a result of Cisco's infringement of the '080 patent, Bockstar has suffered

monetary damages in an amount not yet determined, and will continue to suffer damages in the

future.

<u>COUNT FIVE</u>

<u>(Infringement of U.S. Patent No. 6,636,508)</u>

34.     Plaintiff incorporates by reference paragraphs 1-33 as if fully set forth herein.

35.     On October 21, 2003, U.S. Patent No. 6,636,508  (the "'508 patent"), entitled

"Network Resource Conservation System", was duly and legally issued by the United States

Patent and Trademark Office with Xuewen Li and Samuel Henry Christie, IV as the named

inventors after full and fair examination.  A true and correct copy of the '508 patent is attached

hereto as Exhibit 5.

36.      Bockstar  owns all rights, title, and interest in and to the '508 patent, and

possesses all rights of recovery under the '508 patent.

37.     Upon information and belief, Cisco has directly infringed and continues to

directly infringe one or more claims of the '508 patent by making, using, selling, and/or offering

for sale in the United States and/or importing into the United States products, including, without

limitation, products having Cisco's Unified CallManager software.

38.     At least as of the filing of this Complaint, Cisco is, on information and belief, knowingly inducing infringement of one or more claims of the '508 patent by, without limitation, making, using, importing, selling and/or offering for sale the aforementioned products for use by enterprise customers and also by providing and/or causing to be provided, to enterprise customers, technical support and services, as well as detailed explanations, instructions and information as to configurations, arrangements, applications and uses of the aforementioned products that promote and demonstrate how to use such products in a manner that would infringe the '508 patent.  Cisco has also, on information and belief, knowingly contributed to infringement of the '508 patent, knowing that the aforementioned products are especially made or adapted for use in infringing the '508 patent and have no substantial noninfringing use.  As a result of such inducement of and contribution to infringement, enterprise customers using the aforementioned products are, on information and belief, directly infringing the '508 patent. Cisco has been aware of the '508  patent and its infringement thereof at least as early as the filing of this Complaint.

39.     As a result of Cisco's infringement of the '508 patent, Bockstar has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future.

COUNT SIX

(Infringement of U.S. Patent No. 6,778,653)

40.     Plaintiff incorporates by reference paragraphs 1-39 as if fully set forth herein.

41.     On August 17, 2004, U.S. Patent No. 6,778,653 (the "'653 patent"), entitled "Storing Information About a Telephony Session", was duly and legally issued by the United States Patent and Trademark Office with Michel Kallas, James Michael Lyell, and Paul Spencer

Dawkins as the named inventors after full and fair examination.  A true and correct copy of the

'653 patent is attached hereto as Exhibit 6.

42.      Bockstar  owns all rights, title, and interest in and to the '653 patent, and

possesses all rights of recovery under the '653 patent.

43.      Upon information and belief, Cisco has directly infringed and continues to

directly infringe one or more claims of the '653 patent by making, using, selling, and/or offering

for sale in the United States and/or importing into the United States products, including, without

limitation, products containing Cisco's Unified Contact Center Express.

44.      At least as of the filing of this Complaint, Cisco is, on information and belief,

knowingly inducing infringement of one or more claims of the '653 patent by, without limitation,

making, using, importing, selling and/or offering for sale the aforementioned products for use by

enterprise customers and also by providing and/or causing to be provided, to enterprise

customers, technical support and services, as well as detailed explanations, instructions and

information as to configurations, arrangements, applications and uses of the aforementioned

products that promote and demonstrate how to use such products in a manner that would infringe

the '653 patent.  Cisco has also, on information and belief, knowingly contributed to

infringement of the '653 patent, knowing that the aforementioned products are especially made

or adapted for use in infringing the '653 patent and have no substantial noninfringing use.  As a

result of such inducement of and contribution to infringement, enterprise customers using the

aforementioned products are, on information and belief, directly infringing the '653 patent.

Cisco has been aware of the '653 patent and its infringement thereof at least as early as the filing

of this Complaint.

45.     As a result of Cisco's infringement of the '653 patent, Bockstar has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future.

## PRAYER FOR RELIEF

Bockstar prays for the following relief:

1.      A judgment that Cisco has directly infringed (either literally or under the doctrine of equivalents) or induced or contributed to the infringement of one or more claims of the above-asserted patents;

2.      An award of damages resulting from Cisco's acts of infringement in accordance with 35 U.S.C. § 284;

3.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Bockstar its reasonable attorneys' fees against Cisco;

4.      A judgment and order requiring Cisco to provide an accounting and to pay supplemental damages to Bockstar, including without limitation, pre-judgment and post-judgment interest; and

5.      Any and all other relief to which Bockstar may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Bockstar demands a trial by jury on all issues so triable.

December 11, 2013

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Adam W. Poff*_____
Adam W. Poff (No. 3990)
Monté T. Squire (No. 4764)
Gregory J. Brodzik (No. 5722)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
*apoff@ycst.com*
*msquire@ycst.com*
*gbrodzik@ycst.com*

OF COUNSEL:

Robert T. Haslam
Covington & Burling LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
(650) 632-4700

Robert D. Fram
Winslow Taub
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
(415) 591-6000

*Attorneys for Plaintiff*
*Bockstar Technologies LLC*