IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOCKSTAR TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-2020 (SLR) |
| | ) | |
| CISCO SYSTEMS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| CISCO SYSTEMS, INC., | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| BOCKSTAR TECHNOLOGIES LLC, CONSTELLATION TECHNOLOGIES LLC, AND ROCKSTAR CONSORTIUM US LP, | ) ) ) | |
| | ) | |
| Counterclaim-Defendants. | ) ) | |

## CISCO'S ANSWER AND COUNTERCLAIMS TO BOCKSTAR'S COMPLAINT

Cisco Systems, Inc. ("Cisco") answers Bockstar Technologies LLC's ("Bockstar") Complaint ("Complaint") as follows:

### THE PARTIES

1. Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 1 and on that basis denies them.

2. Cisco admits the allegations in Complaint paragraph 2.

### JURISDICTION AND VENUE

3. Cisco admits that Bockstar purports to bring an action for patent infringement. Cisco states that the remaining allegations in Complaint paragraph 3 contain legal conclusions that require no answer. To the extent an answer is required, Cisco admits that the Court has

subject matter jurisdiction over this action, but denies that any factual or legal basis exists for any of Bockstar's claims against Cisco in this action or that Bockstar is entitled to any relief whatsoever from Cisco or this Court.

4.      Cisco admits that it is subject to personal jurisdiction in this district in this action. Cisco further admits that it has transacted business in the District of Delaware.  Cisco denies any other or different allegations contained in Complaint paragraph 4.

5.      Cisco denies the allegations contained in Complaint paragraph 5.

6.      Cisco admits that venue is proper in this district.

## BACKGROUND

7.      Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 7 and on that basis denies them.

8.      On information and belief, Cisco admits that Nortel filed for bankruptcy protection in 2009 and that Nortel sold a portion of its patent assets to a company known as "Rockstar Bidco LP."  Cisco further admits that, on information and belief, Rockstar Bidco LP subsequently transferred those assets acquired from Nortel a consortium of technology companies calling themselves Rockstar Consortium US LP.   Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 8 and on that basis denies them.

9.      Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 9 and on that basis denies them.

## COUNT ONE

## (Infringement of U.S. Patent No. 6,233,245)

10.      Cisco incorporates by reference its answers to paragraphs 1-9 as if fully set forth herein.

11.     Cisco admits that, according to the records of the U.S. Patent and Trademark Office ("PTO"), on May 15, 2001, the PTO issued the '245 patent with Alan Stanley, John Chapman, and Hsiang-Tsung Kung as the named inventors.  Cisco denies the remaining allegations in the first sentence of Complaint paragraph 11.  Cisco admits that, on information and belief, Exhibit 1 to the Complaint appears to be a copy of the '245 patent.

12.     Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 12 and on that basis denies them.

13.     Cisco denies the allegations contained in Complaint paragraph 13.

14.     Cisco denies the allegations contained in Complaint paragraph 14.

15.     Cisco denies the allegations contained in Complaint paragraph 15.

## COUNT TWO

### (Infringement of U.S. Patent No. 6,684,241)

16.     Cisco incorporates by reference its answers to paragraphs 1-15 as if fully set forth herein.

17.     Cisco admits that, according to the records of the U.S. Patent and Trademark Office ("PTO"), on January 27, 2004, the PTO issued the '241 patent with Haldon J. Sandick, Kedarnath Poduri, and Matthew B. Squire as the named inventors.  Cisco denies the remaining allegations in the first sentence of Complaint paragraph 17.  Cisco admits that, on information and belief, Exhibit 2 to the Complaint appears to be a copy of the '241 patent.

18.     Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 18 and on that basis denies them.

19.     Cisco denies the allegations contained in Complaint paragraph 19.

20.     Cisco denies the allegations contained in Complaint paragraph 20.

21.     Cisco denies the allegations contained in Complaint paragraph 21.

## COUNT THREE

### (Infringement of U.S. Patent No. 6,069,895)

22.     Cisco incorporates by reference its answers to paragraphs 1-21 as if fully set forth herein.

23.     Cisco admits that, according to the records of the U.S. Patent and Trademark Office ("PTO"), on May 30, 2000, the PTO issued the '895 patent with Siamack Ayandeh as the named inventor.  Cisco denies the remaining allegations in the first sentence of Complaint paragraph 23.  Cisco admits that, on information and belief, Exhibit 3 to the Complaint appears to be a copy of the '895 patent.

24.     Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 24 and on that basis denies them.

25.     Cisco denies the allegations contained in Complaint paragraph 25.

26.     Cisco denies the allegations contained in Complaint paragraph 26.

27.     Cisco denies the allegations contained in Complaint paragraph 27.

## COUNT FOUR

### (Infringement of U.S. Patent No. 5,732,080)

28.     Cisco incorporates by reference its answers to paragraphs 1-27 as if fully set forth herein.

29.     Cisco admits that, according to the records of the U.S. Patent and Trademark Office ("PTO"), on March 24, 1998, the PTO issued the '080 patent with H. Earl Ferguson, Jeffrey Prince, Mike K. Noll, Randy Ryals, and Derek H. Pitcher as the named inventors.  Cisco denies the remaining allegations in the first sentence of Complaint paragraph 29.  Cisco admits that, on information and belief, Exhibit 4 to the Complaint appears to be a copy of the '080 patent.

30.     Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 30 and on that basis denies them.

31.     Cisco denies the allegations contained in Complaint paragraph 31.

32.     Cisco denies the allegations contained in Complaint paragraph 32.

33.     Cisco denies the allegations contained in Complaint paragraph 33.

## COUNT FIVE

### (Infringement of U.S. Patent No. 6,636,508)

34.     Cisco incorporates by reference its answers to paragraphs 1-33 as if fully set forth herein.

35.     Cisco admits that, according to the records of the U.S. Patent and Trademark Office ("PTO"), on October 21, 2003, the PTO issued the '508 patent with Xuewen Li and Samuel Henry Christie, IV as the named inventors.  Cisco denies the remaining allegations in the first sentence of Complaint paragraph 35.  Cisco admits that, on information and belief, Exhibit 5 to the Complaint appears to be a copy of the '508 patent.

36.     Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 36 and on that basis denies them.

37.     Cisco denies the allegations contained in Complaint paragraph 37.

38.     Cisco denies the allegations contained in Complaint paragraph 38.

39.     Cisco denies the allegations contained in Complaint paragraph 39.

## COUNT SIX

### (Infringement of U.S. Patent No. 6,778,653)

40.     Cisco incorporates by reference its answers to paragraphs 1-39 as if fully set forth herein.

41.     Cisco admits that, according to the records of the U.S. Patent and Trademark Office ("PTO"), on August 17, 2004, the PTO issued the '653 patent with Michel Kallas, James Michael Lyell, and Paul Spencer Dawkins as the named inventors.  Cisco denies the remaining

allegations in the first sentence of Complaint paragraph 41.  Cisco admits that, on information and belief, Exhibit 6 to the Complaint appears to be a copy of the '653 patent.

42.     Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 42 and on that basis denies them.

43.     Cisco denies the allegations contained in Complaint paragraph 43.

44.     Cisco denies the allegations contained in Complaint paragraph 44.

45.     Cisco denies the allegations contained in Complaint paragraph 45.

**Prayer For Relief**

46.     Cisco denies that Bockstar is entitled to any relief, either as prayed for in its Complaint or otherwise.

**General Denial**

47.     Cisco further denies each and every allegation contained in the Complaint to which Cisco has not specifically admitted, denied, or otherwise responded to herein.

**Cisco's Defenses**

48.     Cisco asserts the following defenses in response to the allegations of Bockstar's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**First Defense – Failure to State a Claim**

49.     Bockstar has failed to state a claim upon which relief may be granted.

**Second Defense – Patent Invalidity**

50.     Bockstar's purported claims for infringement of the '245, '241, '895, '080, '508, and '653 patents are barred because the claims of those patents are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112.

## Third Defense – Non-Infringement

51.     Cisco does not infringe and has not infringed, directly, indirectly, contributorily or by inducement, any valid and enforceable claim of the '245, '241, '895, '080, '508, and '653 patents.

## Fourth Defense – Marking

52.     Bockstar is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

## Fifth Defense – Government Sales

53.     Bockstar's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a).

## Sixth Defense – Equitable Doctrines

54.     Some or all of Bockstar's claims are barred by one or more of the equitable doctrines of waiver, acquiescence, laches, estoppel (including without limitation equitable estoppel and prosecution history estoppel), and/or unclean hands.

## Seventh Defense – Exhaustion/Implied License

55.     Bockstar's claims are barred, in whole or in part, by the doctrines of exhaustion and/or implied license.

## Eighth Defense – License

56.     Some or all of Bockstar's claims are barred by Cisco's license to one or more of the patents-in-suit.

## Ninth Defense – Lack of Standing

57.     Bockstar lacks standing to enforce one or more of the patents-in-suit.

## COUNTERCLAIMS

For its Counterclaims, Cisco alleges the following against Counterclaim Defendants Bockstar, Constellation Technologies LLC ("Constellation"), and Rockstar Consortium US LP ("Rockstar"):

## PARTIES

1.      Cisco is a California corporation with its principal place of business located at 170 West Tasman Drive, San Jose, CA 95134.

2.      Bockstar is a Delaware limited liability company that purports to have its principal place of business at Legacy Town Center 1, 7160 North Dallas Parkway Suite 250, Plano, TX 75024.

3.      Constellation is a Delaware limited liability company that purports to have its principal place of business at Legacy Town Center 1, 7160 North Dallas Parkway, Suite No. 250, Plano, TX 75024.

4.      Rockstar is a Delaware limited partnership that purports to have its principal place of business at Legacy Town Center I, 7160 North Dallas Parkway, Suite 250, Plano, Texas 75024.

5.      On information and belief, Bockstar and Constellation are wholly owned subsidiaries of Rockstar.

6.      On information and belief, Bockstar and Constellation are shell entities that are merely a façade for Rockstar and its agents.

## NATURE OF THE ACTION AND JURISDICTIONAL STATEMENT

7.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under the patent laws of the United States, 35 U.S.C. § 1 et seq.

8.     Bockstar, Constellation, and/or Rockstar have accused Cisco and/or Cisco's customers of infringing at least the following 28 United States Patents:  5,471,474 (the "'474 Patent") (attached hereto as Exhibit 1), 5,583,862 (the "'862 Patent") (attached hereto as Exhibit 2), 5,732,080 (the "'080 Patent"), 5,761,197 (the "'197 Patent") (attached hereto as Exhibit 3), 5,850,397 (the "'397 Patent") (attached hereto as Exhibit 4), 5,959,990 (the "'990 Patent") (attached hereto as Exhibit 5), 6,069,895 (the "'895 Patent"), 6,128,298 (the "'298 Patent") (attached hereto as Exhibit 6), 6,128,649 (the "'649 Patent") (attached hereto as Exhibit 7), 6,130,893 (the "'893 Patent") (attached hereto as Exhibit 8), 6,192,397 (the "'397 Patent") (attached hereto as Exhibit 9), 6,233,245 (the "'245 Patent"), 6,321,253 (the "'253 Patent") (attached hereto as Exhibit 10), 6,373,923 (the "'923 Patent") (attached hereto as Exhibit 11), 6,496,519 (the "'519 Patent") (attached hereto as Exhibit 12), 6,584,118 (the "'118 Patent") (attached hereto as Exhibit 13), 6,636,508 (the "'508 Patent"), 6,684,241 (the "'241 Patent"), 6,704,326 (the "'326 Patent") (attached hereto as Exhibit 14), 6,778,653 (the "'653 Patent"), 6,816,496 (the "'496 Patent") (attached hereto as Exhibit 15), 6,845,389 (the "'389 Patent") (attached hereto as Exhibit 16), 6,901,048 (the "'048 Patent") (attached hereto as Exhibit 17), 7,154,879 (the "'879 Patent") (attached hereto as Exhibit 18), 7,564,895 (the "'895 Patent") (attached hereto as Exhibit 19), 8,134,917 (the "'917 Patent") (attached hereto as Exhibit 20), 8,464,299 (the "'299 Patent") (attached hereto as Exhibit 21), RE40,999 (originally, U.S. Patent No. 6,111,876) (the "'999 Patent") (attached hereto as Exhibit 22) (collectively, the "Asserted Patents").

9.     The Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201(a), and 2202.

10.    This Court has personal jurisdiction over Bockstar by virtue of its sufficient minimum contacts with this forum at least as a result of its organization under the laws of Delaware and the filing of its case against Cisco in this jurisdiction.

11. This Court has personal jurisdiction over Constellation by virtue of its sufficient minimum contacts with this forum at least as a result of its organization under the law of Delaware.

12. This Court has personal jurisdiction over Rockstar by virtue of its sufficient minimum contacts with this forum at least as a result of its organization under the law of Delaware.

13. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c).

## FACTS

14. On January 14, 2009, Nortel filed for bankruptcy protection in the United States, Canada, and the United Kingdom.

15. During bankruptcy proceedings, Nortel auctioned various business units and other assets. The last major asset to be liquidated in the bankruptcy proceedings was Nortel's patent portfolio (the "Nortel Patent Portfolio").

16. The Nortel Patent Portfolio consisted of approximately 6,000 U.S. patents, foreign patents, and patent applications, and related to a wide range of technologies including wireless, wireless 4G, data networking, optical, voice, Internet, and semiconductors.

17. Upon information and belief, Rockstar, Constellation, and Bockstar are successors-in-interest to some of the patents from the Nortel Patent Portfolio.

18. In an interview with Wired magazine, published on May 21, 2012, John Veschi, the CEO of Rockstar, stated that "[p]retty much anybody out there is infringing, I would think. It would be hard for me to envision that there are high-tech companies out there that don't use some of the patents in our portfolio." At the time, Rockstar owned not only the patents currently owned by Rockstar, but also the patents currently alleged to be owned by Constellation and Bockstar.

19. Through a campaign to enforce the Nortel Patent Portfolio, Rockstar, directly and through its subsidiaries, Bockstar and Constellation, has accused several Cisco customers in the

communications, cable and/or wireline industries of infringing certain patents obtained from the Nortel Portfolio.

20.     Additionally, Rockstar, through its subsidiary Bockstar, filed this suit against Cisco directly, alleging that Cisco infringes certain patents obtained from the Nortel Portfolio.

21.     Rockstar, Bockstar, and/or Constellation have asserted at least the Asserted Patents against Cisco and/or Cisco's customers.

22.     Rockstar and/or Constellation have brought suit against Cisco customers Time Warner Cable Inc. ("TWC") and Windstream Communications, Inc. ("Windstream") for alleged patent infringement.

23.     Cisco has agreements with Time Warner and Windstream that specify conditions under which Cisco must indemnify them against claims of patent infringement for the use of Cisco products.

24.     On December 11, 2013, Constellation brought suit against TWC asserting infringement of the '649 and '299 patents for TWC's use of switched digital video technology, the '048 and '917 patents for TWC's use of MPLS networks in data routing techniques, the '879 patent for Ethernet passive optical networks, and the '389 patent for TWC's use of an IP multimedia subsystem network to provide voice, video, and data services.

25.     Upon information and belief, TWC uses Cisco products, including at least Cisco eMTAs, cable modems, SDV products, QAM products, CMTS equipment, and set top boxes, to provide switched digital video technology, MPLS networks, Ethernet passive optical networks, Home DVR, and IP multimedia subsystem network equipment.

26.     On January 21, 2014, TWC informed Cisco that Rockstar's December 11, 2013 complaint related to products purchased by TWC from Cisco and provided notice to Cisco of its request for indemnity.

27.     On December 11, 2013, Constellation brought suit against Windstream asserting infringement of the '923 and '895 patents for Windstream's provision of high speed internet

services including DSL services, the '917 patent for Windstream's use of MPLS networks, and the '879 patent for passive optical networks.

28.     On information and belief, Windstream uses Cisco products, including at least Cisco routers and switches, to provide DSL services, MPLS networks, and passive optical networks.

29.     At least twelve Cisco customers ("Known Accused Customers"), including TWC and Windstream, have given Cisco notice that Rockstar has accused them of infringement.

30.     Cisco has agreements with each of the Known Accused Customers that specify conditions under which Cisco must indemnify them against claims of patent infringement for the use of Cisco products.

31.     Each of the Known Accused Customers have asked Cisco for assistance and/or indemnification in response to Rockstar's claims of infringement.

32.     The Known Accused Customers have notified Cisco that Rockstar and/or Constellation have accused them of infringing one or more of the following patents:  the '474 Patent, the '862 Patent, the '197 Patent, the '397 Patent, the '990 Patent, the '895 Patent, the '298 Patent, the '649 Patent, the '893 Patent, the '397 Patent, the '253 Patent, the '923 Patent, the '519 Patent, the '118 Patent, the '326 Patent, the '496 Patent, the '389 Patent, the '048 Patent, the '879 Patent, the '917 Patent, the '299 Patent, and the '999 Patent.

33.     Several of the Accused Customers have notified Cisco that Rockstar and/or Constellation have accused their use of the following Cisco products of infringement: CTMS products, eMTAs, eRouters, and edge routers.

34.     The Known Accused Customers have notified Cisco that Rockstar and/or Constellation allege that the following technologies, products, or services infringe Rockstar and/or Constellation's patents: Ethernet (including Ethernet over optical transport), whole house DVR, MoCA, the DOCSIS Standards (e.g. various versions of DOCSIS, PacketCable, OpenCable, and eRouter), high speed internet (including DSL), voice over IP, digital video, managed VPN, and Layer 3 VPN.

35.     Upon information and belief, the Known Accused Customers use Cisco products, to implement technologies, products, or services including Ethernet (including Ethernet over optical transport), whole house DVR, MoCA, the DOCSIS Standards, high speed internet (including DSL), voice over IP, digital video, managed VPN, and Layer 3 VPN.

36.     For example, on March 13, 2012, Rockstar wrote to Knology and stated that "our analysis reveals that Knology, Inc. is currently offering certain products and services that infringe patents owned by Rockstar." Rockstar identified DOCSIS 3.0 and Knology High Speed Internet as allegedly infringing the '474 and '197 patents.

37.     On information and belief, Knology uses Cisco products, including at least Cisco cable modems and CMTS equipment, that implement DOCSIS 3.0.

38.     In another example, on October 29, 2012, Rockstar wrote to WOW and stated that "our analysis reveals that WOW! and Knology, are currently offering certain products and services that infringe patents owned by Rockstar." Rockstar identified eMTAs as allegedly infringing the '893 and '253 patents, DOCSIS 2.0/3.0 as allegedly infringing the '474 and '197 patents, Packet Cable 1.0 as allegedly infringing the '253 patent, and Packet Cable 1.5 as allegedly infringing the '893 patent.

39.     On information and belief, WOW uses Cisco products, including at least Cisco eMTAs, cable modems, and CMTS equipment, that implement DOCSIS 3.0 and Cisco eMTA products.

40.     In yet another example, on information and belief, Rockstar wrote to Cable One and identified Cable One's use of, for example, CMTS equipment, implementing DOCSIS 2.0/3.0, OpenCable (Tru2way), Packet Cable 1.5, and eRouter as allegedly infringing the '474, '197, '893, and '253 patents.

41.     On information and belief, Cable One uses Cisco CMTS equipment.

42.     On March 1, 2013, Cable One wrote a letter to Cisco stating that "We believe that certain of the equipment and processes identified by Rockstar are provided by your company" and requesting that Cisco assist Cable One with Rockstar's claims. On information and belief,

Counterclaim Defendants have asserted their patents against other Cisco customers besides the Known Accused Customers.

43.     On information and belief, Counterclaim Defendants have asserted their patents against other Cisco customers besides the Known Accused Customers.

44.     Counterclaim Defendants' allegations of infringement, threats of litigation, and lawsuits have cast a cloud of uncertainty over Cisco's business and products including Cisco's router, switches, eMTAs, cable modems, SDV products, QAM products, CMTS equipment, set top boxes; and Cisco products that implement Ethernet (including Ethernet over optical transport), whole house DVR, MoCA, the DOCSIS Standards (e.g. various versions of DOCSIS, PacketCable, OpenCable, and eRouter), high speed internet (including DSL), voice over IP, digital video, managed VPN, and Layer 3 VPN (collectively the "Accused Products") requiring the declaratory relief sought in this Complaint.

45.     Counterclaim Defendants have refused to enter into negotiations with the Known Accused Customers with respect to Asserted Patents unless those entities execute non-disclosure agreements.

46.     Counterclaim Defendants' strategy of entering into non-disclosure agreements have concealed the scope of Counterclaim Defendants' assertions and further cast a cloud of uncertainty over Cisco's business requiring the declaratory relief sought in this Answer.

47.     These activities by or on behalf of Rockstar create an immediate, definite, concrete and substantial dispute regarding the alleged infringement by Cisco and Cisco's customers of patents in Rockstar's portfolio.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,233,245

48.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 47 of its Counterclaims.

49.     The Counterclaim Defendants claim to own all rights, title, and interest in the '245 Patent.

50.     The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '245 Patent.

51.     Absent a declaration that Cisco's products, including at least Cisco's Catalyst 2950, 3560, and 3750 switches, do not infringe the '245 Patent, Counterclaim Defendants will continue to wrongfully assert the '245 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

52.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '245 Patent.

53.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '245 Patent.

<u>SECOND CLAIM FOR RELIEF</u>

**Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,684,241**

54.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 53 of its Counterclaims.

55.     The Counterclaim Defendants claim to own all rights, title, and interest in the '241 Patent.

56.     The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '241 Patent.

57.     Absent a declaration that Cisco's products, including at least Cisco's Catalyst 3750-E, 3750, 3560-E, 3560, 2975, and 2960 switches and/or Cisco's "Smart Install" feature, do not infringe the '241 Patent, Counterclaim Defendants will continue to wrongfully assert the '241 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

58.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '241 Patent.

59.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '241 Patent.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,069,895

60.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 59 of its Counterclaims.

61.     The Counterclaim Defendants claim to own all rights, title, and interest in the '895 Patent.

62.     The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '895 Patent.

63.     Absent a declaration that Cisco's products, including at least Cisco's 12000 Series and XR 12000 Series routers, and CRS-1 products, do not infringe the '895 Patent, Counterclaim Defendants will continue to wrongfully assert the '895 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

64.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '895 Patent.

65.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '895 Patent.

## FOURTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 5,732,080

66.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 65 of its Counterclaims.

67.     The Counterclaim Defendants claim to own all rights, title, and interest in the '080 Patent.

68.     The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '080 Patent.

69.     Absent a declaration that Cisco's products, including at least Cisco's Catalyst 6500 Series, Catalyst 4500 Series, ASR 1000 Series, ASR 9000 Series, CRS-1, and 7600 Series router products, do not infringe the '080 Patent, Counterclaim Defendants will continue to wrongfully assert the '080 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

70.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '080 Patent.

71.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '080 Patent.

## FIFTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,636,508

72.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 71 of its Counterclaims.

73.     The Counterclaim Defendants claim to own all rights, title, and interest in the '508 Patent.

74.     The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '508 Patent.

75.     Absent a declaration that Cisco's products, including at least Cisco's Unified CallManager software, do not infringe the '508 Patent, Counterclaim Defendants will continue to wrongfully assert the '508 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

76.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '508 Patent.

77.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '508 Patent.

## SIXTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,778,653

78.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 77 of its Counterclaims.

79.    The Counterclaim Defendants claim to own all rights, title, and interest in the '653 Patent.

80.    The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '653 Patent.

81.    Absent a declaration that Cisco's products, including at least Cisco's Unified Contact Center Express, do not infringe the '653 Patent, Counterclaim Defendants will continue to wrongfully assert the '653 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

82.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '653 Patent.

83.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '653 Patent.

## SEVENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 5,471,474

84.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 83 of its Counterclaims.

85.    The Counterclaim Defendants claim to own all rights, title, and interest in the '474 Patent.

86.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '474 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

87.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '474 Patent, Counterclaim Defendants will continue to wrongfully assert the '474 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

88.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '474 Patent.

89.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '474 Patent.

**EIGHTH CLAIM FOR RELIEF**

**Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 5,583,862**

90.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 89 of its Counterclaims.

91.     The Counterclaim Defendants claim to own all rights, title, and interest in the '862 Patent.

92.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '862 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

93.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '862 Patent, Counterclaim Defendants will continue to wrongfully assert the '862 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

94.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '862 Patent.

95.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '862 Patent.

## NINTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 5,761,197

96.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 95 of its Counterclaims.

97.     The Counterclaim Defendants claim to own all rights, title, and interest in the '197 Patent.

98.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '197 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

99.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '197 Patent, Counterclaim Defendants will continue to wrongfully assert the '197 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

100.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '197 Patent.

101.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '197 Patent.

## TENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 5,850,397

102.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 101 of its Counterclaims.

103.    The Counterclaim Defendants claim to own all rights, title, and interest in the '397 Patent.

104.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '397 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

105.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '397 Patent, Counterclaim Defendants will continue to wrongfully assert the '397 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

106.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '397 Patent.

107.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '397 Patent.

## ELEVENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 5,959,990

108.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 107 of its Counterclaims.

109.    The Counterclaim Defendants claim to own all rights, title, and interest in the '990 Patent.

110.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '990 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

111.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '990 Patent, Counterclaim Defendants will continue to wrongfully assert the '990 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

112.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '990 Patent.

113.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '990 Patent.

## TWELFTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,128,298

114.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 113 of its Counterclaims.

115.    The Counterclaim Defendants claim to own all rights, title, and interest in the '298 Patent.

116.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '298 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

117.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '298 Patent, Counterclaim Defendants will continue to wrongfully assert the '298 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

118.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '298 Patent.

119.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '298 Patent.

## THIRTEENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,128,649

120.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 119 of its Counterclaims.

121.    The Counterclaim Defendants claim to own all rights, title, and interest in the '649 Patent.

122.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '649 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

123.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '649 Patent, Counterclaim Defendants will continue to wrongfully assert the '649 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

124.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '649 Patent.

125.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '649 Patent.

## FOURTEENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,130,893

126.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 125 of its Counterclaims.

127.     The Counterclaim Defendants claim to own all rights, title, and interest in the '893 Patent.

128.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '893 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

129.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '893 Patent, Counterclaim Defendants will continue to wrongfully assert the '893 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

130.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '893 Patent.

131.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '893 Patent.

## FIFTEENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,192,397

132.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 131 of its Counterclaims.

133.    The Counterclaim Defendants claim to own all rights, title, and interest in the '397 Patent.

134.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '397 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

135.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '397 Patent, Counterclaim Defendants will continue to wrongfully assert the '397 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

136.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '397 Patent.

137.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '397 Patent.

## SIXTEENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,321,253

138.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 137 of its Counterclaims.

139.    The Counterclaim Defendants claim to own all rights, title, and interest in the '253 Patent.

140.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '253 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

141.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '253 Patent, Counterclaim Defendants will continue to wrongfully assert the '253 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

142.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '253 Patent.

143.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '253 Patent.

**SEVENTEENTH CLAIM FOR RELIEF**

**Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,373,923**

144.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 143 of its Counterclaims.

145.    The Counterclaim Defendants claim to own all rights, title, and interest in the '923 Patent.

146.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '923 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

147.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '923 Patent, Counterclaim Defendants will continue to wrongfully assert the '923 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

148.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '923 Patent.

149.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '923 Patent.

## EIGHTEENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,496,519

150.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 149 of its Counterclaims.

151.    The Counterclaim Defendants claim to own all rights, title, and interest in the '519 Patent.

152.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '519 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

153.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '519 Patent, Counterclaim Defendants will continue to wrongfully assert the '519 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

154.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '519 Patent.

155.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '519 Patent.

## NINETEENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,584,118

156.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 155 of its Counterclaims.

157.    The Counterclaim Defendants claim to own all rights, title, and interest in the '118 Patent.

158.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '118 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

159.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '118 Patent, Counterclaim Defendants will continue to wrongfully assert the '118 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

160.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '118 Patent.

161.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '118 Patent.

## TWENTIETH CLAIM FOR RELIEFCLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,704,326

162.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 161 of its Counterclaims.

163.     The Counterclaim Defendants claim to own all rights, title, and interest in the '326 Patent.

164.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '326 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

165.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '326 Patent, Counterclaim Defendants will continue to wrongfully assert the '326 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

166.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '326 Patent.

167.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '326 Patent.

## TWENTY-FIRST CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,816,496

168.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 167 of its Counterclaims.

169.    The Counterclaim Defendants claim to own all rights, title, and interest in the '496 Patent.

170.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '496 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

171.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '496 Patent, Counterclaim Defendants will continue to wrongfully assert the '496 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

172.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '496 Patent.

173.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '496 Patent.

## TWENTY-SECOND CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,845,389

174.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 173 of its Counterclaims.

175.    The Counterclaim Defendants claim to own all rights, title, and interest in the '389 Patent.

176.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '389 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

177.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '389 Patent, Counterclaim Defendants will continue to wrongfully assert the '389 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

178.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '389 Patent.

179.     Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '389 Patent.

## TWENTY-THIRD CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 6,901,048

180.     Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 179 of its Counterclaims.

181.     The Counterclaim Defendants claim to own all rights, title, and interest in the '048 Patent.

182.     The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '048 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

183.     Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '048 Patent, Counterclaim Defendants will continue to wrongfully assert the '048 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

184.     A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '048 Patent.

185.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '048 Patent.

## TWENTY-FOURTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,154,879

186.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 185 of its Counterclaims.

187.    The Counterclaim Defendants claim to own all rights, title, and interest in the '879 Patent.

188.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '879 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

189.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '879 Patent, Counterclaim Defendants will continue to wrongfully assert the '879 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

190.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '879 Patent.

191.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '879 Patent.

## TWENTY-FIFTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 7,564,895

192.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 191 of its Counterclaims.

193.    The Counterclaim Defendants claim to own all rights, title, and interest in the '895 Patent.

194.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '895 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

195.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '895 Patent, Counterclaim Defendants will continue to wrongfully assert the '895 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

196.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '895 Patent.

197.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '895 Patent.

## TWENTY-SIXTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 8,134,917

198.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 197 of its Counterclaims.

199.    The Counterclaim Defendants claim to own all rights, title, and interest in the '917 Patent.

200.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '917 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

201.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '917 Patent, Counterclaim Defendants will continue to wrongfully assert the '917 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

202.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '917 Patent.

203.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '917 Patent.

## TWENTY-SEVENTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. 8,464,299

204.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 203 of its Counterclaims.

205.    The Counterclaim Defendants claim to own all rights, title, and interest in the '299 Patent.

206.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '299 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

207.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '299 Patent, Counterclaim Defendants will continue to wrongfully assert the '299 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

208.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '299 Patent.

209.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '299 Patent.

## TWENTY-EIGHTH CLAIM FOR RELIEF

### Declaratory Judgment Of Non-Infringement Of U.S. Patent No. RE40,999

210.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 209 of its Counterclaims.

211.    The Counterclaim Defendants claim to own all rights, title, and interest in the '999 Patent.

212.    The Counterclaim Defendants have accused the Known Accused Customers and/or Cisco of infringing the '999 Patent by using technologies, products, and/or services that Cisco provided to Known Accused Customers.

213.    Absent a declaration that Cisco's products, including at least Cisco's Accused Products, do not infringe the '999 Patent, Counterclaim Defendants will continue to wrongfully assert the '999 Patent against Cisco and/or its customers and thereby cause Cisco irreparable harm and injury.

214.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether Cisco's products infringe the '999 Patent.

215.    Based on the foregoing, Cisco hereby requests a declaration from the Court that Cisco's products do not directly or indirectly infringe any claim of the '999 Patent.

**TWENTY-NINTH CLAIM FOR RELIEF**

**Declaratory Judgment Of Invalidity Of U.S. Patent No. 5,732,080**

216.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 215 of its Counterclaims.

217.    The Counterclaim Defendants claim to own all rights, title, and interest in the '080 Patent.

218.    The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '080 Patent.

219.    The claims of the '080 Patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§ 101, 102, 103 and/or 112.

220.    Absent a declaration that the claims of the '080 Patent are invalid, Counterclaim Defendants will continue to wrongfully assert the '080 Patent against Cisco and/or its customers, and thereby cause Cisco irreparable harm and injury.

221.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether the claims of the '080 Patent are invalid.

222.    Based on the foregoing, Cisco hereby requests a declaration from the Court that the claims of the '080 Patent are invalid.

## THIRTIETH CLAIM FOR RELIEF

### Declaratory Judgment Of Invalidity Of U.S. Patent No. 6,069,895

223.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 222 of its Counterclaims.

224.    The Counterclaim Defendants claim to own all rights, title, and interest in the '895 Patent.

225.    The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '895 Patent.

226.    The claims of the '895 Patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§ 101, 102, 103 and/or 112.

227.    Absent a declaration that the claims of the '895 Patent are invalid, Counterclaim Defendants will continue to wrongfully assert the '895 Patent against Cisco and/or its customers, and thereby cause Cisco irreparable harm and injury.

228.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether the claims of the '895 Patent are invalid.

229.    Based on the foregoing, Cisco hereby requests a declaration from the Court that the claims of the '895 Patent are invalid.

## THIRTY-FIRST CLAIM FOR RELIEF

### Declaratory Judgment Of Invalidity Of U.S. Patent No. 6,233,245

230.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 229 of its Counterclaims.

231.    The Counterclaim Defendants claim to own all rights, title, and interest in the '245 Patent.

232.    The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '245 Patent.

233.    The claims of the '245 Patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§ 101, 102, 103 and/or 112.

234.    Absent a declaration that the claims of the '245 Patent are invalid, Counterclaim Defendants will continue to wrongfully assert the '245 Patent against Cisco and/or its customers, and thereby cause Cisco irreparable harm and injury.

235.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether the claims of the '245 Patent are invalid.

236.    Based on the foregoing, Cisco hereby requests a declaration from the Court that the claims of the '245 Patent are invalid.

## THIRTY-SECOND CLAIM FOR RELIEF

### Declaratory Judgment Of Invalidity Of U.S. Patent No. 6,636,508

237.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 236 of its Counterclaims.

238.    The Counterclaim Defendants claim to own all rights, title, and interest in the '508 Patent.

239.    The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '508 Patent.

240.    The claims of the '508 Patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§ 101, 102, 103 and/or 112.

241.    Absent a declaration that the claims of the '508 Patent are invalid, Counterclaim Defendants will continue to wrongfully assert the '508 Patent against Cisco and/or its customers, and thereby cause Cisco irreparable harm and injury.

242.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether the claims of the '508 Patent are invalid.

243.    Based on the foregoing, Cisco hereby requests a declaration from the Court that the claims of the '508 Patent are invalid.

## THIRTY-THIRD CLAIM FOR RELIEF

### Declaratory Judgment Of Invalidity Of U.S. Patent No. 6,684,241

244.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 243 of its Counterclaims.

245.    The Counterclaim Defendants claim to own all rights, title, and interest in the '241 Patent.

246.    The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '241 Patent.

247.    The claims of the '241 Patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§ 101, 102, 103 and/or 112.

248.    Absent a declaration that the claims of the '241 Patent are invalid, Counterclaim Defendants will continue to wrongfully assert the '241 Patent against Cisco and/or its customers, and thereby cause Cisco irreparable harm and injury.

249.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether the claims of the '241 Patent are invalid.

250.    Based on the foregoing, Cisco hereby requests a declaration from the Court that the claims of the '241 Patent are invalid.

## THIRTY-FOURTH CLAIM FOR RELIEF

### Declaratory Judgment Of Invalidity Of U.S. Patent No. 6,778,653

251.    Cisco incorporates by reference the allegations set forth in Paragraphs 1 - 250 of its Counterclaims.

252.    The Counterclaim Defendants claim to own all rights, title, and interest in the '653 Patent.

253.    The Counterclaim Defendants, including Plaintiff Bockstar, have accused the Known Accused Customers and/or Cisco of infringing the '653 Patent.

254.    The claims of the '653 Patent are invalid under the provisions of Title 35, United States Code, including but not limited to, §§ 101, 102, 103 and/or 112.

255.    Absent a declaration that the claims of the '653 Patent are invalid, Counterclaim Defendants will continue to wrongfully assert the '653 Patent against Cisco and/or its customers, and thereby cause Cisco irreparable harm and injury.

256.    A substantial, immediate, and real controversy therefore exists between Cisco and Counterclaim Defendants as to whether the claims of the '653 Patent are invalid.

257.    Based on the foregoing, Cisco hereby requests a declaration from the Court that the claims of the '653 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Cisco seeks the following relief:

A.      Declaring that Cisco's products, including Cisco's Accused Products do not directly or indirectly infringe the Asserted Patents.

B.      Declaring that the claims of the '245, '241, '895, '080, '508, and '653 patents are invalid;

C.      Declaring that judgment be entered in favor of Cisco and against Counterclaim Defendants on each of Cisco's claims;

D.      Finding that this an exceptional case under 35 U.S.C. § 285;

E.      Awarding Cisco its costs and attorneys' fees in connection with this action; and

F.      Such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Cisco hereby demands a trial by jury on all issues properly triable before a jury.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

John M. Desmarais
Michael P. Stadnick
Ameet Modi
Karim Oussayef
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400

January 31, 2014
7971373.2

38

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 31, 2014, upon the following in the manner indicated:

Adam W. Poff, Esquire                                    *VIA ELECTRONIC MAIL*
Monté T. Squire, Esquire
Gregory J. Brodzik, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
Attorneys for Plaintiff

Robert T. Haslam, Esquire                                *VIA ELECTRONIC MAIL*
Covington & Burling LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
Attorneys for Plaintiff

Robert D. Fram, Esquire                                  *VIA ELECTRONIC MAIL*
Winslow Taub, Esquire
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Attorneys for Plaintiff

Jack B. Blumenfeld (#1014)